| | |
|---|---|
| ELVIS WAYNE JONES,<br><br>                    Plaintiff,<br><br>         v.<br><br>US CONGRESS 1989-1996 COMMITTEES, US DEPARTMENT OF JUSTICE OFFICIALS and US JUDICIAL CONVERENCE COURTS,<br><br>                    Defendants. | NO: 2:19-CV-0432-TOR<br><br>ORDER DISMISSING CASE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

On December 30, 2019, Plaintiff Elvis Wayne Jones, a Texas state prisoner, filed a *pro se* civil rights complaint on the form provided by this Court, including attachments. ECF No. 1. Plaintiff did not pay the $400 fee ($350 filing fee, plus $50 administrative fee) to commence this action or seek leave to proceed *in forma pauperis*.

Plaintiff presents no facts from which the Court could infer that the Eastern District of Washington is the appropriate venue for his claims. *See* 28 U.S.C. §

ORDER DISMISSING CASE -- 1

1391(b). None of the claims appear to have occurred here and none of the Defendants reside here. When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a). The Court finds that the interest of justice would not be served by transferring this case to another forum.

A review of other Court's records indicate that Mr. Jones is precluded from proceeding *in forma pauperis* under 28 U.S.C. 1915(g), absent a showing that he is under imminent danger of serious physical injury. *See Jones v. Texas, et al.*, 7:08-CV-00196-0 (N.D. Tex.) (denying *in forma pauperis* status based upon three strikes, November 26, 2008); *Jones v. The 1996 Texas Attorney General, et al.*, 1:09-cv-00079-JMS-BMK (D. Hawaii) (denying *in forma pauperis* status based upon three strikes); *Jones v. City of Austin, et al.*, 3:09-cv-00077-JWS (D. Alaska, May 18, 2009) (three strikes order prohibiting Mr. Jones from brining any other actions without payment of fees in any federal court in the United States unless he can demonstrate he is in "imminent danger of serious physical injury."). Therefore, even if Plaintiff had properly presented an application to proceed *in forma pauperis,* the Court cannot infer from his indecipherable assertions that Plaintiff has made the requisite showing. Consequently, transfer of this case to the District of Texas is not warranted.

//

Accordingly, **IT IS HEREBY ORDERED:**

(1) This case is **DISMISSED** without prejudice. *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991).

(2) Any request to proceed *in forma pauperis* is **DENIED as moot**.

(3) All pending motions are **DENIED as moot.**

(4) The Court will not entertain any further briefing or motions, including motions to reconsider, in this **DISMISSED** and **CLOSED** case.

**IT IS SO ORDERED**. The Clerk of Court is **DIRECTED** to enter this Order, provide a copy to Plaintiff and **CLOSE** the file. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**DATED** January 3, 2020.



THOMAS O. RICE
Chief United States District Judge